AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

**for the**
**Western District of New York**

**United States of America**

**v.**

**APRIL THOMPSON**

*Defendant*

**Case No. 26-mj-**191

## CRIMINAL COMPLAINT

I, Seborn Powell, the complainant in this case, state that the following is true to the best of my knowledge and belief:

**Count 1**

On or about September 11, 2026, in the Western District of New York, the defendant did knowingly and intentionally attempt to possess with intent to distribute fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 84l(a)(1) and 841(b)(1)(C).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

Seborn Powell

SEBORN POWELL
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION
*Printed name and title*

Sworn to and subscribed telephonically.

Date: September 11, 2026

H. Kenneth Schroeder, Jr.
*Judge's Signature*

City and State: Buffalo, New York

HONORABLE H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF ERIE ) SS:
CITY OF BUFFALO )

I, **Seborn Powell,** Special Agent ("SA") of the Drug Enforcement Administration ("DEA"), United States Department of Justice, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7) and am empowered by law to conduct investigations of and to make arrests for offenses as set forth in Title 18, United States Code, Section 2516.

2. I am a Special Agent ("SA") of the Drug Enforcement Administration ("DEA") and have been so employed since September 2016. I am currently assigned to the DEA New York Division ("NYD") Buffalo District Office Group 58 ("Group 58"), the Federal Bureau of Investigations ("FBI") International Organized Crime Task Force ("OC-1"), and the Homeland Security Task Force ("HSTF"). I am an investigator or law enforcement officer of the United States, within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, United States Code, Section 2516. Prior to being employed by the DEA, I was a Police Officer in the Portsmouth, Virginia Police Department from July 2006 to April 2011. I was also a Federal Air Marshal with the United States Department of Homeland Security from April 2011 to September 2016.

3. During the course of my employment with DEA, I have received several hundred hours of comprehensive, formalized instructions on drug identification; money laundering techniques; patterns of drug trafficking; complex conspiracies; the exploitation of drug traffickers' telecommunications devices; surveillance; and other investigative techniques. I received approximately 20 weeks of training in narcotics trafficking investigations and related legal matters at the DEA Training Academy in Quantico, Virginia. I have also assisted in numerous investigations into the unlawful importation, manufacture, possession with intent to distribute, and distribution of controlled substances, the laundering of narcotics proceeds, and conspiracies associated with narcotics offenses. In conducting these investigations, I have used a variety of investigative techniques and resources, including surveillance, confidential sources, telephone toll analysis, and wire communications analysis in other Title III and State wiretap investigations.

4. Through my training, experience, and conversations with more senior federal and state law enforcement investigators, I have become familiar with the methods used by narcotics traffickers to smuggle and safeguard narcotics, distribute narcotics, and collect and launder proceeds related to the sales of narcotics. I am particularly familiar with methods employed by large-scale narcotics organizations, and the sophisticated tactics that they routinely use in attempts to thwart the investigation of their narcotics organizations, including the use of cellular telephone technology, counter surveillance techniques, debit calling cards, public telephones, hidden vehicle compartments, smuggling schemes tied to legitimate businesses, false or fictitious identities, and coded communications and conversations.

5. The facts in this affidavit come from Postal Inspectors personal observations, my training and experience, and information obtained from other agents and investigators.

Because this affidavit is being submitted for the limited purpose of seeking a criminal complaint, I have not included each and every fact known to me concerning this investigation.

**PROBABLE CAUSE**

6. On September 10, 2026, United States Postal Service Inspectors obtained a search warrant for a cardboard box addressed to "Denzel Johnson, 973 Fillmore Ave Buffalo NY 14211" bearing a return address of "Nancy McKinney, 1279 W Anaheim St., Harbor City, (No State) 90710" with the USPS tracking number 9505 5140 2112 6251 4803 73 (hereinafter the "**Subject Parcel**"), signed by the Honorable Jeremiah J. McCarthy. The **Subject Parcel** was thereafter searched pursuant to the warrant and was found to contain a speaker, a glasses whiskey set, children clothing, and one brick shaped item wrapped in plastic secreted in the aforementioned speaker. The brick shaped item weighed approximately three pounds. United States Postal Service Inspectors conducted a field test on the substance which yielded a positive result for the presence of fentanyl.

7. Based on this information, investigators authored and obtained anticipatory search warrant for the recipient address of the **Subject Parcel** (973 Fillmore Ave., Buffalo, New York, hereinafter referred to as the "**Target Premises**"). On or about September 10, 2026, the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, signed order 26-mj-1125, authorizing the anticipatory search the **Target Premises**.

8. On September 11, 2026, members of DEA, Erie County Sherriff's Office ("ECSO"), and the United States Postal Service Inspector (USPI) established surveillance in the area of the **Target Premises**. Following the controlled delivery, USPI reported hearing a female inside the **Target Premises** reference the **Subject Parcel** being delivered. While on surveillance, investigators observed the USPS deliver the **Subject Parcel** to lower rear door of

the **Target Premises**. Surveillance subsequently observed a black female wearing a blonde wig, later identified as April **THOMPSON**, enter the **Target Premises**, exit the **Target Premises** with a trash bag and wearing pink latex gloves, retrieve the **Subject Parcel**, and re-enter the **Target Premises**. Soon thereafter, your affiant heard the transmitter reacting to the **Subject Parcel** has been opened. Soon thereafter, investigators executed the aforementioned search warrant. Upon the **Target Premises**, an elderly female was discovered in the kitchen cooking. The entry team reported for law enforcement head toward the front of the property. Law enforcement observed **THOMPSON** say "oh fuck" hand her cellular phone to another female, who placed that telephone into the left bra pocket inside of her shirt. Law enforcement also observed the female who received **THOMPSON**'s cellular telephone and black male in the front of the **Target Premises**. During the search, law enforcement discovered the pink latex gloves and the **Subject Parcel** opened in a bathtub in the bathroom near kitchen. Moreover, law enforcement discovered the speaker which previously contained the aforementioned suspected fentanyl in a bag near the salon near the kitchen. Your affiant recovered the cellular telephone from the female who placed the telephone in her bra. At approximately 11:35 a.m., **THOMPSON** was searched at the DEA. Following the search, law enforcement presented the cellular telephone to **THOMPSON** and requested to search the telephone. Ultimately, **THOMPSON** concurred with the request for the cellular telephone and provided the passcode to open the device.

## CONCLUSION

9. Based on the forgoing facts and circumstances, I respectfully submit that probable cause exists to believe that **April THOMPSON** attempted to possess with the intent to distribute a substance and mixture containing fentanyl, a Schedule II controlled substance, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(C).

*Seborn Powell*

SEBORN POWELL
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to telephonically this
11th day of September 2026.

*H. Kenneth Schroeder, Jr.*

HONORABLE H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE